10/17/00
TA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

CARLOS OCTAVIO VLADIMIR SIMO-THEN )
INS FILE No. A41-421-023 )
)
            Petitioner, ) 1: CV 00-180
)
)
    v. ) CIVIL ACTION NO._____
)
CHARLES ZEMSKI )
ACTING DISTRICT DIRECTOR )
INS PHILADELPHIA, )
) FILED
IMMIGRATION & NATURALIZATION ) SCRANTON
SERVICE, )
) OCT 1 2 2000
WARDEN, SYNDER COUNTY PRISON, )
) PER_____
JANET RENO, ATTORNEY GENERAL ) DEPUTY CLERK
)
            Respondents. )
)

COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF AND PETITION FOR WRIT OF HABEAS
CORPUS

     The complaint for declaratory and injunctive relief
and petition for writ of habeas corpus of Carlos Octavio Vladimir
SIMO-THEN, petitioner in the above styled action, respectfully
allege as follows, to wit:

    (1) That Petitioner Carlos Octavio Vladimir SIMO-THEN is

         a derivative citizen of the United States, acquired

         through his father who is a United States citizen.

    (2) That Petitioner is being detained at the Synder County

         Prison, Selinsgrove, Pennsylvania, pursuant to a removal

Order issued by the Immigration Court.

(3) That Petitioner appealed the aforesaid removal order
to the Board of Immigration Appeals, averring that the
Immigration Court lack jurisdiction over him.

(4) That on August 15, 2000, the Board of Immigration
Appeals remanded the case to the Immigration Judge
for further proceedings. See copy of attached opinion.

(5) That Petitioner has been detained at the Synder County
Prison, Selinsgrove since April 2000, without just cause.

(6) That petitioner is being detained in violation of law,
and the rights guaranteed Petitioner by the First Ten
Amendments to the United States Constitution, and all
other rights not hereinbefore enumerated, and his
detention manifested a failure of justice.

(7) That Petitioner has no other adequate legal remedy
available to contest his further detention by the
Immigration and Naturalization Service, unless a
declaratory and injunctive relief and said writ of
habeas corpus shall issue an injustice and cause of
prejudice would be inherent to petitioner.

(8) In support of this complaint and petition, your petitioner
attaches the annexed memorandum of law in support.

(9) WHEREFORE, your petitioner prays that the court grant
petitioner relief to which he may be entitled in this
proceeding.

/2



(10) I declare under penalty of perjury that the foregoing

is true and correct as set forth in this complaint and

petition.

Dated September 28, 2000

Respectfully submitted,

*CARLOS O. VLADIMIR SIMÓ-THEN*
CARLOS O.V. SIMO-THEN
00-00236
Synder County Prison
600 Old Colony Road
Selinsgrove, PA 17870

## MEMORANDUM OF LAW

This action is brought pursuant to 28 U.S.C. § 1331,
28 U.S.C. § 2241, 5 U.S.C. § 551 et seq., 28 U.S.C. § 2201 et
seq., and All Writs Act, 28 U.S.C. § 1651 for declaratory and
injunctive relief to protect petitioner's rights guaranteed under
the due process clause of the Fifth Amendment to the Constitution
and applicable federal law, and to issue a writ of habeas corpus,
and enjoin the Immigration and Naturalization Service from further
detaining petitioner.

## JURISDICTION AND VENUE

In a habeas proceeding, the court has personal
jurisdiction "so long as the custodian can be reached by service
of process". Braden v. 30th Judicial Circuit Court of Kentucky,
410 U.S. 484, 495 (1973); United States Ex Rel Sero v. Preiser,
506 F.2d 1115, 1128 (2d. Cir. 1974), cert. denied, 421 U.S. 921
(1975)(jurisdictional grant in section 2241(a) co-extensive with
scope of service of process).

Personal jurisdiction is fixed at the time the habeas
petition is filed. See e.g., Ledesma-Valdes v. Sava, 604 F.Supp
675, 679 (S.D.N.Y. 1985). Respondents Charles Zemski, acting
district director, et al., can be reached by service of process
of this court. See Rule 4(e)(1) of the Fed.R.Civ.P., which allows
service of process under the rules of the state in which the
district court sits. This court has personal jurisdiction over
respondents for the purposes of writ of habeas corpus, respondents
can be reached by service of process of the court.

/4

ARGUMENT

Petitioner assert that he is being detained unlawfully because he is a derivative citizen of the United States, acquired through his father who is a United States citizen. Therefore, the Immigration Service lack jurisdiction over him, and a detention incident to a conclusion that he is an alien is violative of his due process right.

The Due Process Clause of the Fifth Amendment states that "[n]o person . . . shall be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. This protection extends to all "persons" within the borders of the United States. See Landon v. Plasencia, 459 U.S. 21, 32–33, (1982); see also United States v. Balsys, 524 U.S. 666, 671 (1988); Wong Wing v. United States, 163 U.S. 228, 238 (1896) (holding that "persons within the territory of the United States . . . [and] even aliens . . . [may not] be deprived of life, liberty or property without due process of law").

Petitioner assert that his detention violates his right to liberty under substantive due process ground. The substantive component of due process protects against governmental interference with those rights "implicit in the concept of ordered liberty." Palko v. Connecticut, 302 U.S. 319, 325–35 (1937). This component "forbids the government to infringe certain 'fundamental' liberty interests at all, no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest." Reno v. Flores, 507 U.S. 292, 301–02 (1993).

/5

An alien is defined as "any person not a citizen or national of the United States." 8 U.S.C. § 1101(a)(3), § 1101(a)(22) (a national of the United States is a citizen of the United States, or a person who owes permanent allegiance to the United States); Manlangit v. INS, 488 F.2d 1073 (4th Cir. 1973).

Alienage is thus a jurisdictional fact which must be established before the INS can move forward to the issue of deportability. Goncalves-Rosa v. Shaughnessy, 151 F.Supp 906 (S.D.N.Y. 1957); Pang v. INS, 368 F.2d 637 (3rd Cir. 1966); United States Ex Rel Tomasso v. Flynn, 22 F.2d 174 (W.D.N.Y. 1927); Hoonsilapa v. INS, 575 F.2d 735 (9th Cir. 1978)(mere stipulation that the order to show cause relates to the respondent is not enough to sustain the INS burden of proving alienage and deportability).

The Immigration & Naturalization Service has the burden of proving alienage and must meet its burden with clear, convincing, and unequivocal evidence. Woodby v. INS, 385 U.S. 276 (1966). "Alienage cannot be proved by implications drawn from ambiguous statements made by respondent." Pointhara v. INS, 708 F.2d 472, modified, 721 F.2d 651 (9th Cir. 1983).

Citizenship of course is a precious right and not to be denied lightly. United States Ex Rel Wong Kwok Sui v. Boyd, 285 F.2d 572, 575 (9th Cir, 1960). The burden cast upon INS cannot be met by saying Petitioner cannot prove he is a citizen, therefore, he must be an alien. United States Ex Rel Leong v. O'Rourke, 125 F. Supp 769, 775 (W.D.Mo. 1954).

/6

derived citizenship from his father. Petitioner's father divorced
his mother in 1985 and took custody of petitioner at age 10, thus,
the requirement of the naturalization of both parents pursuant to
8 U.S.C § 1432 (a) (1) does not apply to petitioner.

 To the extent that the INS is detaining petitioner
and denying his derivative citizenship is a violation of law.
Statutory and case law support that petitioner is a derivative
citizen of the United States acquired from his father. See e.g.,
Rios v. Civiletti, 571 F.Supp 218 (D.C. Puerto Rico 1983) (holding
that the existence of a legal paternofilial relationship, i.e.,
custody, duty to support, right to use family name, etc, in the
absence of fraud in claiming citizenship qualifies an applicant
for derivative citizenship); Compagnie General Trans-Atlantique
v. United States, 78 F.Supp at 799; Matter of Bautista, I & N
Interim Decision 2731; Matter of Buenaventure, I &N Interim Decision
2363; Delgado v. INS, 473 F. Supp 1343 (1979).

 "In some instances the criteria which separates legitimates
from illegitimates have been found to be irrelevant to the purposes
of the Statute". Matter of Lee, I & N Interim Decision 2606;
Reyes v. INS, 478 F. Supp 63. The test to determine if a child has
been "legitimated" within the meaning and scope of the statute
is not whether he is actually identified as legitimate but
whether he enjoys for all relevant purposes the same conditions of
so called legitimate children and that his direct descent from a
citizen is sufficiently established. Civiletti, 571 F. Supp 218,
221 (1983).

## RELIEF SOUGHT

WHEREFORE, your petitioner pray that this honorable court sustain this complaint for declaratory and injunctive relief and petition for a writ of habeas corpus, requiring and commanding the Immigration and Naturalization Service, the Attorney General, her agents, from further detaining petitioner for he is a derivative citizen of the United States pursuant to Title 8, U.S.C. § 1432, and for such other judgment or order in the premise as may be proper. And as in duty bound your petitioner will ever pray.

Dated September 28, 2000

Respectfully submitted,

*CaRlos O. Vladimir Simo'tHen*

CARLOS O. V. SIMO-THEN
00-00236
Synder County Prison
600 Old Colony Road
Selinsgrove, PA 17870

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File:   A41 421 023 - Whitedeer

Date:   AUG 1 5 2000

In re:  CARLOS OCTAVIO VLADIMIR SIMO-THEN

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:   Pro se

ON BEHALF OF SERVICE:   Bruce B. Dizengott
                         Assistant District Counsel

CHARGE:

Notice: Sec.   237(a)(2)(A)(iii), I&N Act [8 U.S.C. § 1227(a)(2)(A)(iii)] -
               Convicted of aggravated felony

        Sec.   237(a)(2)(B)(i), I&N Act [8 U.S.C. § 1227(a)(2)(B)(i)] -
               Convicted of controlled substance violation

APPLICATION:   Termination of proceedings

In a decision dated March 7, 2000, an Immigration Judge found the respondent removable as charged as an alien convicted of an aggravated felony, determined he was ineligible for any form of relief from removal, and ordered his removal to the Dominican Republic. The respondent contended in the proceedings before the Immigration Judge and continues to maintain on appeal that the Immigration Judge and this Board lack jurisdiction over his case because he acquired derivative United States citizenship through the naturalization of his father.

Noting that the Immigration and Naturalization Service had denied the respondent's Application for Certificate of Citizenship (Form N-600), which was filed by the respondent and adjudicated by the Service during the pendency of the removal proceedings, the Immigration Judge proceeded to enter his removal order. The Immigration Judge observed at the hearing that the removal proceedings could be reopened should the respondent prevail on his appeal from the Service's denial of his Certificate of Citizenship application (Tr. at 6). The record will be remanded for further proceedings before the Immigration Judge.

While the respondent's Application for Certificate of Citizenship may have been properly adjudicated in administrative proceedings before the Service pursuant to the governing regulations, 8 C.F.R. § 341, the Immigration Judge likewise has jurisdiction to consider the respondent's claim

A 11 421 023

to United States citizenship in these removal proceedings. A determination with respect to the respondent's citizenship is clearly relevant to these proceedings, in fact, potentially dispositive of the case, since a decision favorable to the respondent would divest the Immigration Judge and the Board of jurisdiction over the respondent and require termination of the proceedings. We believe the respondent is entitled to present his evidence on the citizenship issue in the proceedings before the Immigration Judge and to an independent ruling on that evidence by the Immigration Judge. The record will accordingly be remanded.

ORDER: The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.

Edward R. Grant

FOR THE BOARD



# AFFIDAVIT OF RESPONDENT'S FATHER

Affidavit.

UNITED STATES  DEPARTMENT OF JUSTICE
IMMIGRATION & NATURALIZATION SERVICE
ADMINISTRATIVE APPEALS UNIT
WASHINGTON, D.C. 20536

```
------------------------------------)
  In the Matter of                  )
                                    )
  Carlos Octavio Vladimir Simo Then  )    APPEAL OF CITIZENSHIP DECISION
                                    )
  Respondent                        )    FILE # A-41-421-023
------------------------------------)
```

AFFIDAVIT OF
EDMUNDO EMMANUEL SIMO BUENO

Comes now  Edmundo  Emmanuel Simo Bueno, being  duly sworn and depose
as follows :

1-My name is Edmundo  Emmanuel  Simo  Bueno, a  citizen  of  the United
States.

2-That I am the  blood and biological father of Carlos Octavio Vladimir
Simo Then.

3-That Carlos  Octavio  Vladimir Simo Then was born on June 02, 1975 in
Dominican  Republic between myself ( his father ) and Iris Altagracia
Then ( his mother ).

4-That at the time Carlos Octavio Vladimir Simo Then was born I was not
married to his mother.

5-Then on March 19, 1979 we remaried againg and Carlos Octavio Vladimir
Simo Then was ligitimated ( copy add ), and  such  marriage  ended on
November 07, 1985 based on official pronouncement by the Civil Court,
(copy add). Prior to the end of my marriage to Carlos Octavio Vladimir
Simo Then's mother Iris Altagracia Simo Then, I was separated from her
and had custody of Carlos Octavio Vladimir Simo Then through official
Civil Court decree.

6-And that the official custody as decreed by the Court took  effect on
March 19, 1979.

7-That I became a Naturalized citizen of the United States of America on
March 02, 1992.

Page 1

Affidavit.

8-That during the time of my Naturalization Carlos Octavio Vladimir Simo
Then was 16 years old and was under my custody.

9-That Carlos Octavio Vladimir Simo Then  has been  in my custody  since
age four and while in  my  custody  I  was  responsible  for  all  his
financial well being.

10-That affidavit is true, correct to the best of my knowledge.


FURTHER AFFIANT SAYETH NAUGHT.


Dated February 8, 2000.

Edmundo E. Simo Bueno

AFFIDAVIT NUM.        3
Sworn and subscribed to before me this    8    day of February 2000.

Notary Public

# UNITED STATES OF AMERICA

# CERTIFICATE OF NATURALIZATION

No. 2019673

*Personal description of holder as of date of naturalization.*

*Date of birth:* august 24, 1947

*Sex:* Male

*Height:* 5 feet 6 inches.

*Marital status:* Widowed

*Country of former nationality:*

Dominican Republic



INS Registration No. A23 464 064

*I certify that the description given is true, and that the photograph affixed hereto is a likeness of me.*

Eliseo B. Emanuel Semó Bueno

*Complete and true signature of holder*



Be it known that pursuant to an application for naturalization filed with the Attorney General

at San Juan, Puerto Rico

The Attorney General having found that:

EDMUNDO EMMANUEL SEMO BUENO

then residing in the United States, intends to reside in the United States when so required by the Naturalization Laws of the United States, and had in all other respects complied with the applicable provisions of such naturalization laws, and was entitled to be admitted to citizenship, such person having taken the oath of allegiance in a ceremony conducted by the Immigration & Naturalization Service

at San Juan, Puerto Rico on March 23, 1992

that such person is admitted as a citizen of the United States of America.

Gene McNary

*Commissioner of Immigration and Naturalization*

IT IS PUNISHABLE BY U. S. LAW TO COPY, PRINT OR PHOTOGRAPH THIS CERTIFICATE, WITHOUT LAWFUL AUTHORITY.

EXHIBIT 2

EXTRACT OF

MARRIAGE

AND

DIVORCE

1971 through 1973

PRIOR TO RESPONDENT'S
BIRTH BETWEEN HIS
PARENTS

FORM.OC-11



REPUBLICA DOMINICANA
## JUNTA CENTRAL ELECTORAL
### OFICIALÍA DEL ESTADO CIVIL

## EXTRACTO DE ACTA
(Art. 99 Ley No. 659, del 17-7-1944)

Yo _____ LIC. ROSA FERNANDEZ DE GONZALEZ el Distrito Nacional _____ Oficial del Estado Civil de

LA CUARTA CIRC.D.N _____ República Dominicana, CERTIFICO: Que en los

archivos a mi cargo, existe un acta de MATRIMONIO _____ registrada con el No: 53

Libro _____ 122 _____, Folio _____ 53 _____ del año _____ del cual se extraen los datos siguientes:

QUE EL DIA (23) DEL MES DE ENERO DEL

AÑO (1971) CONTRAJERON MATRIMONIO CIVIL LOS SRES: EDMUNDO EMMA-

NUEL SIMO BUENO, DOMINICANO, SOLTERO, EMP.PRIV. CED#41286-47.

HIJO DE LOS SRES: CARLOS MANUEL SIMO CLARK Y AURA ANTONIA BUENO.

Y DE LA OTRA PARTE: YRIS ALTAGRACIA ALVARADO, DOMINICANA, SOL-

TERA, DOMESTICA, CED#25605-56. HIJA DE LA SRA. BAUDILIA ALVARADO.

FIRMARON LOS TESTIGOS: JOSE RAMON MARRERO ARREDONDO Y MILAGROS ENEI-

DA MARTINEZ DE MARRERO./. DISUELTO POR SENTENCIA DE FECHA 14-12-73.

DE LA 3era. CAMARA CIVIL POR MUTUO CONSENT. PRONUNCIADO EN LA 6ta.CIRC

INSCRITO EN EL L.51. A.472.F.14 EN FECHA 26-12-73./ / / / / / / / /

**ANOTACIONES:**     / / / / / / / / / / / / / / / / / / //.

El presente extracto se expide a petición de la parte interesada en _____ SANTO DOMINGO D.N

República Dominicana, hoy día _____ 27 _____ del mes de _____ ENERO

del año _____ 2000

OFICIAL DEL ESTADO CIVIL
*Lic. Rosa Fernández de González*

TRANSLATED

SEAL

DOMINICAN REPUBLIC

CENTRAL ELECTORAL BOARD

CIVIL REGISTRY

EXTRACT OF CERTIFICATE

(Article 99 Public Law 659 of July 17, 1944)

I. LIC ROSA FERNANDEZ DE GONZALES, Officer of the Civil Registry
of the Fourth District, D.N , Dominican Republic, certify:
THAT IN THE ARCHIVES UNDER MY CARE, EXISTS A CERTIFICATE OF MARRIAGE
REGISTERED UNDER NUMBER 53, TOME 122, PAGE 53 OF THE YEAR 1971
FROM WHICH THE FOLLOWING DATA ARE EXTRACTED:

> THAT ON THE 23rd DAY OF THE MONTH OF JANUARY OF THE YEAR
> 1971, WERE UNITED IN CIVIL MATRIMONY: MR EDMUNDO EMMANUEL
> SIMO BUENO, DOMINICAN, SINGLE, PRIVATE ENT. IDENTIFICATION
> NUMBER 41286-47, SON OF MR CARLOS MANUEL SIMO CLARK AND
> MRS AURA ANTONIA BUENO. AND ON THE OTHER SIDE YRIS ALTAGRACIA
> ALVARADO, DOMINICAN, SINGLE, HOUSE MAID; IDENTIFICATION
> NUMBER 25605-56, DAUGHTER OF MRS BAUDILIA ALVARADO, WITNESSED:
> JOSE RAMON MARRERO ARREDONDO AND MILAGROS ENEIDA MARTINEZ DE
> MARRERO./ DISSOLVED BY DECREE, ON DECEMBER 14, 1973, OF THE
> 3rd CIVIL COURT, BY MUTUAL CONSENT, PRONOUNCDED IN THE 6th
> DISTRICT, REGISTERED UNDER NUMBER 51 TOME 472 PAGE 14 ON THE
> DATE 26 DECEMBER, 1973.

NOTATIONS:

THE PRESENT EXTRACT IS ISSUED ON REQUEST BY THE INTERESTED
PARTY IN SANTO DOMINGO, DOMINICAN REPUBLIC TODAY THE 27th
OF THE MONTH OF JANUARY OF THE YEAR 2000

CIVIL REGISTRY OFFICER
LIC. ROSA FERNANDEZ DE GONZAL

# EXHIBIT 3

# EXTRACT OF
# RE-MARRIAGE IN
# 1979
# BETWEEN RESPONDENT
# PARENTS LEGITIMATING
# HIS BIRTH

el deseo de Legitimar a sus hijos
Carlos Octavio Vladimir y Jovan Ay
mair.—



Form. OC—No. 11

*Dra. Ana Milady Hernandez*
DRA. ANA MILADY HERNANDEZ,
Oficial Civil.—

REPUBLICA DOMINICANA

---

OFICIALIA DEL ESTADO CIVIL

EXTRACTO DE ACTA

(Art 99 Ley No. 659, del 17-7-44)

YO: DRA. ANA MILADY HERNANDEZ, _____ Oficial del Estado Civil de NAGUA, R. D.

República Dominicana, CERTIFICA: Que en los archivos a su cargo, existe una acta de **MATRIMONIO** _____ registrada con el No. **19** Libro **125**, Folio **19** del año **1979** de la cual se extraen los datos siguientes:

Que en fecha 19 del mes de **Marzo** del año — mil novecientos setenta y nueve (1979) Por ante mi GLADYS ALT. AMADIS, Oficial del Estado Civil de Nagua, comparecieron, de una parte, el Señor EDMUNDO EMMANUEL SIMO Y BUENO, de 32 años de edad, Emp. Privado, Dominicano, Domiciliado en Santiago, Portador de la Cédula No. 41286 Serie 47, hijo de Carlos Manuel Simó Clack y de Aura Antonia Bueno, y de la otra parte, la Señora IRIS ALTAGRACIA THEN ALVARADO, de 27 años de edad, Emp. Privada, Dominicana, Domiciliada en Santiago, Portadora de la Cédula No. 25605 Serie 56, hija de Octaviano Then y de Baudilia Alvarado de Duarte y en presencia de los testigos señores: Confesor Duarte, Baudilia Alvarado de Duarte, Bautista Camilo y Francisco Confesor Abreu, los he declarado unidos en legitimo matrimonio.—

ANOTACIONES: FIRMADO: GLADYS ALT. AMADIS, Oficial Civil.—

El presente extracto, se expide a petición de parte interesada, en _____, R. D., _____, República Dominicana, hoy día ___**19** del mes de **MARZO** _____ del año mil novecientos _____ **1992.—**

*Dra. Ana Milady Hernandez*
DRA. ANA MILADY HERNANDEZ.—
Oficial del Estado Civil

Form OC-No. 11

THE WISH TO LEGITIMATE
THEIR CHILDREN CARLOS
OCTAVIO VLADIMIR, AND
JOVAN AYAMAIR.

SEAL

DOMINICAN REPUBLIC

Dr. ANA MILADY HERNANDE
Civil Official.-

CIVIL REGISTRY

EXTRACT OF CERTIFICATE

(Article 99 Public Law No. 659 of July 17, 1944)

I, Doctor ANA MILADY HERNANDEZ, Officer of the Civil Registry of NAGUA,
Dominican Republic, CERTIFY: That in the Archieves under my care exist
CERTIFICATE OF MARRIAGE registered under number 19 Tome 125 Page 19 of
the year 1979 from which the following data are extracted:

THAT ON THE DATE OF 19 OF MARCH OF THE YEAR 1979,
BEFORE ME, GLADYS ATL. (ATLAGRACIA) AMADIS, OFFICER OF THE CIVIL REGISTRY
OF NAGUA, APPEARED, ON ONE SIDE MR. EDMONDO EMMANUEL SIMO AND BUENO,
AGE 32, SELF EMPLOYED, DOMINICAN, RESIDENT OF SANTIAGO, BEARER OF IDENTI-
FICATION NUMBER 41286 SERIES 47, SON OF CARLOS MANUEL SIMO CLARK AND
AURA ANTONIA BUENO, AND ON THE OTHER SIDE MS. IRIS ATLAGRACIA THEN ALVARADO
AGE 27, SELF EMPLOYED, DOMINICAN, RESIDENT OF SANTIAGO, DOMINICAN REPUBLIC,
BEARER OF THE IDENTIFICATION DOCUMENT NUMBER 25605 SERIES 56, DAUGHTER OF
OCTAVIANO THEN AND OF BUATISTA CAMILO-DUARTE, AND WITNESSED BY CONFESOR
DUARTE, BAUDILIA ALVARADO-DUARTE, BAUTISTA CAMILO, AND FRANCISCO CONFESOR
ABREU, I HAVE DECLARED THEM UNITED IN LEGAL MARRIAGE.

NOTATION: SIGNED: GLADYS ALT. AMADIS, CIVIL REGISTRY OFFICER

THE PRESENT CERTIFICATE IS ISSUED BY REQUEST OF THE INTERESTED PARTY
IN NAGUA, DOMINICAN REPUBLIC THIS 19th of MARCH of the YEAR 1992

DR. ANA MILADY HERNANDEZ
CIVIL REGISTRY OFFICER

EXHIBIT 4.1

# DIVORCE DECREE
# OF
# RESPONDENT
# PARENTS IN
# 1985

Form. OC—No. 18



**REPUBLICA DOMINICANA**

**OFICIALIA DEL ESTADO CIVIL**

No.10420

**EXTRACTO DE ACTA**
(Art. 99 Ley No. 659, del 17-7-44)

Rafael Antonio Checo _____ Oficial del Estado Civil de

la 1ra. Circ. de Santiago _____

República Dominicana, CERTIFICA: Que en los archivos a su cargo, existe una acta de __divorcio__

_____ registrada con el No. _548_ Libro _258_, Folio _____95_____ del año _1985_

de la cual se extraen los datos siguientes:

> Que en fecha siete de noviembrede mil novecientos —
> ochenticinco; el infrascrito Oficial del Estado Ci-
> vil, pronunció el divorcio entre los esposos EDMUN-
> DO ENMANUEL SIMO BUENO y IRIS ALTAGRACIA THEN ALVA-
> RADO, por mutuo consentimiento, y haber transcrito—
> en el libro No.258 folios 95-96 bajo el No.548 el —
> dispositivo de la sentencia No.2935 bis de fecha 31,
> de octubre de 1985, Cámara Civil, Comercial y de Tra
> bajo de la 1ra. Circ. del Distrito Judicial de San —
> tiago, que admite el divorcio entre los mencionados-
> esposos, por la causa ya indicada.—

ANOTACIONES:

_____ente extracto, se expide a petición de parte interesada en _Santiago_

_____, República Dominicana, hoy día __11__ del mes de _noviembre_

del año mil novecientos _ochenticinco_

2613888
3662890
1-11-85 rrm

Oficial del Estado Civil.

2613888
12-11-85

3662890
11-12-85

TRANSLATED DIVORCE DECREE

Form OC-No.18

DOMINICAN REPUBLIC
CIVIL REGISTRY

EXCERPT OF CERTIFICATE
(Article 99 Public Law 659, of July 07, 1944)

No. 10420

I, RAFAEL ANTONIO CHECO _____ Civil Registry Officer

of the First Circuit, Santiago, Dominican Republic

Dominican Republic, CERTIFY: That in the files under my care, there

exists A Decree of Divorce Registered under number 548, book 258

Page 95 of the year 1985 which reads in pertinent part:

That on the Seventh day of November of the year 1985;
the undersigned civil registry officer, pronounced the
divorce between the spouses **EDMUNDO EMMANUEL SIMON BUENO
AND IRIS ALTAGRACIA THEN ALVARADO**, by mutual consent
and transcribed in Book 258 Pages 95, 96 under number
548 the disposition of sentence numbered 2935(a) dated
October 31st, 1985, of the Civil, Commercial and Labor
Court of the 1st Circuit of the Santiago Judicial District
which acknowledges the divorce between the mentioned
spouses for the motive already indicated.

NOTES:

This excerpt is issued upon petition of the interested
party in Santiago, Dominican Republic, this 11th day of
the month of the Year One Thousand Nine Hundred Eighty
Five

-------------------------
CIVIL REGISTRY OFFICER

"EXHIBIT "5"

CERTIFICATE OF
MARRIAGE IN 1986,
RESPONDENT
FATHER AND STEPMOTHER
ANA M. COSTOSO-VILLARA

Modelo RD–69 (Rev. 1/85)

ESTADO LIBRE ASOCIADO DE PUERTO RICO
DEPARTAMENTO DE SALUD – AFASS
Area de Registro Demográfico

COMMONWEALTH OF PUERTO RICO
DEPARTMENT OF HEALTH – HFSA
Area of Demographic Registry

## CERTIFICADO DE ACTA DE MATRIMONIO
### Certificate of Marriage Registration

Certifico que en la Sección de Matrimonios del Registro a mi cargo aparece la siguiente inscripción:

*I certify that in the Section of Marriages of the Registry under my custody the following marriage is registered:*

| | | | |
|---|---|---|---|
| Libro Núm. *Volume No.* 229 | Folio Núm. *Folio No.* 0272 | Acta Núm. *Certificate No.* 75 | Municipio donde se celebró el matrimonio: *Municipality where marriage was performed* Rio Piedra |

Fecha de Inscripción: *Date of Registration*
13 Enero 1986
día (day)  mes (month)  año (year)

Fecha de Celebración: *Date of Celebration*
11 Enero 1986
día (day)  mes (month)  año (year)

Nombre del Contrayente: *Name of Groom* Edmundo E. Simó Bueno
Edad: *Age* 38

Estado Civil: *Civil Status* — ☐ Soltero *Single* — ☐ Viudo *Widower* — ☒ Divorciado ☐ Divorce
Natural de *Birthplace* La Vega — Rep. Dominicana
Estado o País *(State or Country)*

Nombre de la Contrayente: *Name of Bride* Ana M. Costoso Villarán
Edad: *Age* 43

Estado Civil: *Civil Status* — ☐ Soltera *Single* — ☐ Viuda *Widow* — ☒ Divorciada ☐ Divorce
Natural de *Birthplace* San Juan — Puerto Rico
Estado o País *(State or Country)*

Nombre del Celebrante: *Name of Officiating Party* Raymond J. Russo Correa
En su carácter de: *Acting as* Juez Dtto.

### DATOS SOBRE EL SOLICITANTE
#### Information on Applicant

Solicitante: *Applicant* Edmundo E. Simó Bueno
Si veterano, licenciamiento honorable Núm: *If veteran, honorable discharge Number*

Dirección: *Address* Santurce, P.R.

Si para uso oficial de una Agencia del Gobierno Estatal o Federal:
*If for official use of an agency of the Commonwealth of Puerto Rico or Federal Government*

Nombre de la Agencia: *Name of Agency*
Dirección: *Address*

| ADVERTENCIA | WARNING |
|---|---|
| Este certificado no será válido si en el mismo no se ha estampado el sello oficial del Registro Demográfico correspondiente. También se requiere la cancelación de un sello de rentas internas de $2 según exige la ley, excepto en aquellos casos en que el certificado se expida para uso exclusivo de un veterano o de una agencia de gobierno del Estado Libre Asociado de Puerto Rico o de los Estados Unidos de América. LA MERA POSESION DE ESTE DOCUMENTO NO DEBE CONSTITUIR BASE PARA IDENTIFICAR AL PORTADOR COMO UNO DE LOS CONTRAYENTES EN ESTE MATRIMONIO. | This certificate is void if the official seal of the corresponding Demographic Registry Office has not been stamped hereon. Also, a $2 internal revenue stamp is required by law to be cancelled hereon, unless this certificate is issued for the exclusive use of a veteran or for the official use of any Agency of the Commonwealth of Puerto Rico or of the Federal Government of the United States. THE MERE POSSESSION OF THIS DOCUMENT SHOULD NOT CONSTITUTE ENOUGH EVIDENCE TO IDENTIFY THE BEARER AS ONE OF THE PARTIES IN THIS MARRIAGE. |

ESTE CERTIFICADO NO SERA VALIDO SI EN EL MISMO APARECEN TACHADURAS, BORRADURAS O ALTERACIONES.
*This certificate is void if there are any alterations or erasures on same.*

Fecha de Expedición *Date of Issue* 1-23-86
Municipio de *Municipality of* Rio Piedras, — Puerto Rico

Encargado del Registro *Registrar*

Felicita Garay de Mirabal
Nombre en maquinilla o letra de molde *Typed Name*

Firma *Signature*

$2 PUERTO RICO $2
A 1050862
$2 RIO PIEDRAS P.R.

J. 10-04-201–80,000–29–IGTR.

"EXHIBIT 6"

DEATH CERTIFICATE

OF

RESPONDENT STEPMOT[HER]

ANA M. COSTOSO-VILLA[...]

SIMO-BUENO[...]

ESTADO LIBRE ASOCIADO DE PUERTO RICO
DEPARTAMENTO DE SALUD
DIVISIÓN DE REGISTRO DEMOGRÁFICO
CERTIFICADO DE DEFUNCIÓN
Death Certificate

NÚMERO DE CERTIFICACIÓN: 08884

Nombre y Apellidos del Fallecido: ANA MARÍA COSTOSO VILLARÁN

Sexo: hembra
Estado Civil: Casado
Municipio: Carolina
Fecha de Defunción: nov. 03 1988
Hora: 04:40 a.m.
Edad: 79 años

Lugar de Defunción: escuela pública / Hosp. de Área
Barrio: Villa Palmeras, Calle Gautier Benítez #568

Nombre del Padre: Edmundo Sinó Bueno
Nombre de la Madre: Ana Victoria Villarán

Informante: Angelo Costoso Villarán
Dirección: de Borinquen Jardines, Calle Violeta #2-8

Causa de Muerte: Cardiopatía isquémica coronaria

Médico: Francisco J. Landrín

Fecha del Registro: MAYO 05 '88
Firma del Registrador: San Juan, PR

CERTIFICAMOS: que la que antecede es una copia fiel y exacta de un certificado original archivado bajo nuestra custodia en el Registro Demográfico del Departamento de Salud de Puerto Rico...

José R. Soler, M.D.
Secretario de Salud
Secretary of Health

THIS IS TO CERTIFY that this is a true copy of an original certificate on file in our custody of the Demographic Registry of the Department of Health of Puerto Rico...

DEC 06 1991

Ruth Reyes Reyes
Directora, Registro Demográfico
Director of Demographic Registry

"EXHIBIT 7"

BIRTH CERTIFICATE
OF
RESPONDENT

REPUBLICA DOMINICANA

OFICIALIA DEL ESTADO CIVIL

EXTRACTO DE ACTA

(Art. 99 Ley No. 659, del 17-7-44)

YO: LIC. SONIA MARINA LAVANDIER DE G. _____ Oficial del Estado Civil de

NAGUA, R.D.

República Dominicana, CERTIFICA: Que en los archivos a su cargo, existe una acta de ___NACIMIENTO___

_____ registrada con el No. **316** Libro ___150___ Folio ___116___ del año ___1979___

de la cual se extraen los datos siguientes:

Que en fecha 16 del mes de Marzo del año -

mil novecientos setenta y nueve (1979) por ante mi GLADYS ALT. AMADIS

Oficial del Estado Civil de Nagua, compareció el Señor EDMUNDO EMMANUEL

SIMO Y BUENO, de 32 años de edad, Soltero, Dominicano, Portador de la Cé-

dula No. 41286 Serie 47, y me ha expresado que el día 2 del mes de Junio-

del año mil novecientos setenta y cinco (1975) nació en Nagua, una cria-

tura a quien se le ha dado los nombres de *CARLOS OCTAVIO VLADIMIR* Hijo-

Legitimado del Señor EDMUNDO EMMANUEL SIMO Y BUENO, y de la Señora IRIS-

ALTAGRACIA BREN, de 27 años de edad.-

FIRMADO: GLADYS ALT. AMADIS, Oficial Civil.-

ANOTACIONES:

El presente extracto, se expide a petición de parte interesada, en ___NAGUA, R.D.___

_____, República Dominicana, hoy día ___26___ del mes de ___OCTUBRE___

_____ del año mil novecientos ___1995.-___

LIC. SONIA MARINA LAVANDIER DE G.

Oficial del Estado Civil.



JUNTA CENTRAL ELECTORAL

OFICINA CENTRAL DEL ESTADO CIVIL

CERTIFICO que la firma que figura al pie del presente

Documento corresponde al Oficial del Estado Civil

del _____

Santo Domingo, R. D.

Fecha _____    _____
                          Firma Autorizada



TRANSLATED BIRTH CERTIFICATE

Form. OC-No. 11

## DOMINICAN REPUBLIC

## CIVIL REGISTRY

### EXCERPT OF BIRTH REGISTRY
(Article 99 Public Law No. 659, of July 17, 1944)

I, LIC. SONIA MARINA LAVANDIER DE G.     Civil Registry Officer
of NAGUA, DOMINICAN REPUBLIC

Dominican Republic, CERTIFY: That in the files under my care, there exist a **certificate of birth** registered under number 316 book 159 page 116 of the year 1979 which reads in pertinent part:

> That on the 16th day of the Month of the Month of March of the year One Thousand Nine Hundred Seventy Nine (1979) Before me **GLADYS ALT. (ALTAGRACIA) AMADIS**, civil registry officer of Nagua, appeared Mister **EDMUNDO EMMANUEL SIMO BUENO**, age 32, single, resident of Santiago, Dominican Republic, bearer of the identification document number 41286 Serial 47, who stated that on the second day of June of the year One Thousand Nine Hundred Seventy Five (1975) was born, in Nagua, a male child to whom was given the names * **CARLOS OCTAVIO VLADIMIR** * being the legitimate child of **MR. EDMUNDO EMMANUEL SIMO BUENO and MRS. IRIS ALTAGRACIA THEN**, age 27 of Dominican Nationality.

SIGNED: GLADYS ALT. AMADIS, CIVIL REGISTRY OFFICER.

NOTES:

The present excerpt is issued upon petition of the interested party in Nagua, Dominican Republic, this 26th day October of the year One Thousand Nine Hundred Ninety Five. (1995)

LIC. SONIA MARINA LAVANDIER DE G
CIVIL REGISTRY OFFICER