ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CARLOS OCTAVIO
    VLADIMIR SIMO-THEN,
        Petitioner        :    CIVIL NO. 1:CV-00-1808

v.                      :    (JUDGE KANE)

CHARLES ZEMSKI, ET AL.,
        Respondents

FILED
HARRISBURG

RESPONSE TO
ORDER TO SHOW CAUSE

JAN 2 - 2001

MARY E. D'ANDREA, CLERK
Per _____
DEPUTY CLERK

### Introduction

Petitioner Carlos Octavio Vladimir Simo Then (hereinafter referred to as "Then"), a Dominican Republic national, challenges his detention by the Immigration and Naturalization Service ("INS") through a habeas corpus petition under 28 U.S.C. §2241. Mr. Then claims that he is a derivative citizen of the United States and thus is not subject to the jurisdiction of the Immigration Court. And, since he claims to be a derivative citizen, his continued detention violates his constitutional rights. He seeks release from INS custody. Because, the Immigration Judge has held that Then is a removable alien based on his criminal conviction of an aggravated felony, his petition for habeas corpus should be denied. Additionally, because the issue of his alleged citizenship is currently before the Immigration Judge, his petition before this Court should be denied for failure to exhaust administrative remedies.

1

## Statement of the Case

Mr. Then filed his "Petition for Writ of Habeas Corpus" (hereinafter "petition") along with a request for leave to proceed *in forma pauperis* on or about October 12, 2000. On November 1, 2000, this Court issued an Order granting Then's *in forma pauperis* motion and the Court required Respondents to file a response to the habeas corpus petition by November 20, 2000.[1] This response is filed on behalf of the INS in opposition to Mr. Manning's petition.

Mr. Then is a native of the Dominican Republic who was admitted to the United States, as an alien, on or about June 23, 1988. In 1995, he was convicted of conspiracy to possess with intent to distribute approximately seven kilograms of cocaine, possession with intent to distribute approximately four kilograms of cocaine, aiding and abetting, and illegal use of a communicating facility.

On March 7, 2000, the Immigration Court ordered Mr. Then removed from the United States to the Dominican Republic. Exhibit 1 (Order of the Immigration Judge).

During the pendency of the removal proceedings, Mr. Then applied for a certificate of citizenship, which was denied on January 11, 2000. Exhibit 2 (Decision form I-292 and form I-

---

[1] A copy of this Order was not received from the Clerk of Court until December 19, 2000.

2

290B).

Mr. Then appealed the order of removal to the Board of Immigration Appeals (BIA), and said Board remanded the matter to the Immigration Court for consideration of Mr. Then's claim to United States citizenship. Exhibit 3 (BIA's remand order dated August 15, 2000). To date, the Immigration Court is considering said citizenship issue, and has not ruled. Mr. Then awaits the decision of the Immigration Court in custody of the Immigration and Naturalization.

### Question Presented

**Should the Habeas Petition And Motion For A Preliminary Injunction be Dismissed Because The Petitioner Failed To Exhaust Administrative Remedies?**

Suggested answer in the affirmative.

### Argument

The habeas petition filed actually challenges the denial of Mr. Then's application for certificate of citizenship. Mr. Then was notified, by way of the denial decision, that he had a right to appeal the denial of the citizenship certificate within thirty days of the decision date, or the decision would be rendered a final decision. No record exists of any attempt to properly appeal the denial of citizenship certificate application to the Administrative Appeal Unit of the INS.

The question of Mr. Then's citizenship, however, has not

3

been finally adjudicated. The BIA recognized the Immigration Court's jurisdiction to consider Mr. Then's claim to derivative citizenship. As this issue is currently being undertaken by the Immigration Court, the same remedy cannot be requested of this Honorable Court. Alleyne v. INS, 879 F.2d 1177 (3d Cir. 1989) (no judicial review where alien failed to seek administrative review available as of right). The nature of Then's claim indicates that he should be required to complete exhaustion of his administrative remedies before the Immigration Court prior to pursuing habeas corpus relief in the district court. Ghalamsiah v. INS, 806 F.2d 68 (3d Cir. 1986) (Alien cannot claim unlawful detention via habeas corpus without exhausting administrative procedures for seeking release.) See, e.g., Bethlehem Steel Corp. v. EPA, 669 F.2d 903 (3d Cir. 1982) (dismissing a petition for review challenging a notice of noncompliance issued by the EPA, where the petitioner had not completed the administrative proceedings before the EPA, concluding that the petitioner had not exhausted available administrative remedies).

It is clear from a reading of petitioner's pleading and attachments that he is requesting this Court to determine his status to be that of a derivative citizen, notwithstanding that he includes a general request for relief from detention. It is also clear that the BIA recognizes the citizenship issue as potentially dispositive of Mr. Then's appeal: "A determination

with respect to the respondent's citizenship is clearly relevant to these proceedings, in fact, potentially dispositive of the case, since a decision favorable to the respondent would divest the Immigration Judge and the Board of jurisdiction...." See, Exhibit 3, page 2.

Exhaustion of administrative remedies serves two purposes: protecting administrative agency authority and promoting judicial efficiency. See, McCarthy v. Madigan, 503 U.S. 140 at 145; Facchiano v. U.S. Dep't of Labor, 859 F.2d 1163, 1166-67 (3d Cir. 1988); Bethlehem Steel Corp., 669 F.2d at 907. Relating to the first of these two purposes, the exhaustion doctrine acknowledges that administrative agencies, not the courts, should have the primary responsibility for the programs they are charged to administer by Congress; it permits the agencies to exercise and apply their special expertise relating to matters that they are charged to administer; and it permits agencies the opportunity to correct their own mistakes with respect to the programs they are charged to administer. See e.g., Thunder Basin Coal Co. v. Reich, 510 U.S. 200 (1994) (exhaustion of administrative remedies required where the issues presented involved the parties' rights and duties under a statute that fell "squarely within the Commission's expertise").

5

## Conclusion

For the foregoing reasons, Respondents respectfully request that this Court deny the petition for writ of habeas corpus.

Respectfully submitted,

DAVID M. BARASCH
United States Attorney

_____
MARK E. MORRISON
Assistant U.S. Attorney
228 Walnut Street
Harrisburg, PA 17108
(717) 221-4482

Dated: January 2, 2001

6

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CARLOS OCTAVIO :
   VLADIMIR SIMO-THEN, :
     Petitioner : CIVIL NO. 1:CV-00-1808
:
v. : (JUDGE KANE)
:
CHARLES ZEMSKI, ET AL., :
     Respondents :

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

On this 2nd day of January, 2001, she served a copy of the foregoing document by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania to:

        Carlos O. V. Simo-Then
        00-00236
        Snyder County Prison
        600 Old Colony Road
        Selinsgrove, PA 17870

*Rebecca A. Plesic*
REBECCA A. PLESIC
Legal Secretary