

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CARLOS OCTAVIO
   VLADIMIR SIMO-THEN,
      Petitioner    :  CIVIL NO.  1:CV-00-1808

  v.    :  (JUDGE KANE)

CHARLES ZEMSKI, ET AL.,
      Respondents

FILED
HARRISBURG
JAN 2 - 2001
MARY E. D'ANDREA, CLE
Per_____
DEPUTY CLERK

**EXHIBITS TO RESPONSE TO ORDER TO SHOW CAUSE**

DAVID M. BARASCH
United States Attorney

MARK E. MORRISON
Assistant U.S. Attorney
228 Walnut Street
Post Office Box 11754
Harrisburg, PA  17108
(717) 221-4482

Dated: January 2, 2001

# TAB - 1

```
                    IMMIGRATION COURT
                1600 CALLOWHILL ST. SUITE 400
                    PHILADELPHIA, PA  19130
```

In the Matter of

                                            Case No.: A41-421-023

 S-SIMO-THEN, CARLOS OCTAVIO VLADIMIR
    Respondent                        IN REMOVAL PROCEEDINGS

                ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on ~~Nov 7, 1999~~ 3-7-2000.
This memorandum is solely for the convenience of the parties. If the
proceedings should be appealed or reopened, the oral decision will become
the official opinion in the case.

[X]   The respondent was ordered removed from the United States to DR
     DOMINICAN REPUBLIC in the alternat[ive]

[ ]   Respondent's application for voluntary departure was denied and
     respondent was ordered removed to
     alternative to

[ ]   Respondent's application for voluntary departure was granted until
       upon posting a bond in the amount of $ _____
     with an alternate order of removal to

[ ]   Respondent's application for asylum was ( )granted ( )denied
     ( )withdrawn.

[ ]   Respondent's application for withholding of removal was ( )granted
     ( )denied ( )withdrawn.

[ ]   Respondent's application for cancellation of removal under section
     240A(a) was ( )granted ( )denied ( )withdrawn.

[ ]   Respondent's application for cancellation of removal was ( ) granted
     under section 240A(b)(1)   ( ) granted under section 240A(b)(2)
     ( ) denied ( ) withdrawn. If granted, it was ordered that the
     respondent be issued all appropriate documents necessary to give
     effect to this order.

[ ]   Respondent's application for a waiver under section _____ of the INA
     ( )granted ( )denied ( )withdrawn or ( )other.

[ ]   Respondent's application for adjustment of status under section _____
     of the INA was ( )granted ( )denied ( )withdrawn. If granted, i[t]
     was ordered that respondent be issued all appropriate documents neces[sary]
     to give effect to this order.

[ ]   Respondent's status was rescinded under section 246.
[ ]   Respondent is admitted to the United States as a _____ until _____
[ ]   As a condition of admission, respondent is to post a $ _____ bond.
[ ]   Respondent knowingly filed a frivolous asylum application after prope[r]
     notice.
[ ]   Respondent was advised of the limitation on discretionary relief for
     failure to appear as ordered in the Immigration Judge's oral decision[.]
[ ]   Proceedings were terminated.
[ ]   Other: _____
     Date: ~~Nov 9, 1999~~ 3-7-00
     Appeal: Waived/Reserved   Appeal Due By:
     4-6-2000

                                                    PAUL GRUSSENDORF
                                                    Immigration Judge

LMC

# TAB - 2

**U.S. Department of Justice**  
Immigration and Naturalization Service  
1600 Callowhill Street  
Philadelphia, PA 19130

**DECISION**

Addressee:  
Carlos Octavio Vladimir Simo Then  
C/o Custodian  
BOP Allenwood, LOW FCI LSCI  
White Deer, PA 17887

Refer to this File number:

A- 41 421 023

Date: January 11, 2000

It is ordered that your Application for Certificate of Citizenship, Form N-600, be denied for the following reasons explained in the attachment. Please see attachment.

You may, if you wish, appeal this decision. You must submit such an appeal to this office with a filing fee of $110.00. If you do not file an appeal within the time allowed, this decision is final. Appeal in your case may be made to:

**The Administrative Appeal Unit (AAU) in Washington, D.C.** It must reach this office within <u>30 calendar days</u> from the date this notice is served (33 days if this notice is mailed).

**Do NOT send your appeal directly to the AAU.** Please direct any questions you may have to the Immigration and Naturalization Service Office nearest your residence.

Sincerely,

M. Frances Holmes  
Acting District Director

Enclosure(s): Form I-290B

cc: Your Attorney ( )

I-292

Attachment to Form I-292                                                                                                A-41 421 023

Reference is made to the Application for Certificate of Citizenship, Form N-600, filed by you on or around December 21, 1999, in accordance with Section 321 of the Immigration and Nationality Act as amended.

Section 321 (a) of the Act determines in part that

> A child born outside of the United States of alien parents ... becomes a citizen of the United States upon the fulfillment of the following conditions:
>
> (1) The naturalization of both parents; or
> (2) The naturalization of the surviving parent if one of the parents is deceased; or
> (3) The naturalization of the parent having legal custody of the child when there has been a legal separation of the parents or the naturalization of the mother if the child was born out of wedlock and the paternity of the child has not been established by legitimation; and
> (4) Such naturalization takes place while such child is under the age of eighteen years; and
> (5) Such child is residing in the United States pursuant to lawful admission for permanent residence at the time of the naturalization of the parent last naturalized ..., or thereafter begins to reside permanently in the United States while under the age of eighteen years...

Service records reflect that you were born on June 02, 1975 in the Dominican Republic. On June 23, 1988 you were admitted to the United States as a legally residing alien. A copy of a birth certificate submitted with your application lists your father as Edmundo Emmanuel Simo y Bueno, and your mother as Iris Altagracia Then. At the time of your birth both parents are reported to be nationals of the Dominican Republic and both are reported to be single. You claimed in your application that your parents were married in 1971, four years prior to your birth. You have not presented any evidence that this marriage took place. You indicate in your application that your mother is still a national of the Dominican Republic, and that she still resides in her native country. You have submitted evidence, verified by Service records, that your father became a naturalized United States citizen on March 02, 1992. His marital status is reported as "widowed" on his certificate of naturalization. Inasmuch as your mother is said to be living in the Dominican Republic, it is presumed that your father was married to somebody else that your mother prior to his naturalization.

Inasmuch as you have failed to demonstrate that both your parents became citizens of the United States, and inasmuch as you have failed to demonstrate that your parents were legally married to each other before a legal separation or divorce resulted in legal custody over you being accorded to your US citizen parent before your eighteenth birthday, you have failed to demonstrate that you derived citizenship of this country at the time of your father's naturalization.

ORDER: The Application for Certificate of Citizenship, Form N-600, filed by you on or around December 21, 1999, is hereby denied.

**TAB - 3**

**U.S. Department of Justice**
Executive Office for Immigration Review

Falls Church, Virginia 22041

Decision of the Board of Immigration Appeals

File:   A41 421 023 - Whitedeer

Date: AUG 1 5 2000

In re: CARLOS OCTAVIO VLADIMIR SIMO-THEN

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:   Pro se

ON BEHALF OF SERVICE:   Bruce B. Dizengoff
Assistant District Counsel

CHARGE:

  Notice: Sec.   237(a)(2)(A)(iii), I&N Act [8 U.S.C. § 1227(a)(2)(A)(iii)] -
  Convicted of aggravated felony

  Sec.   237(a)(2)(B)(i), I&N Act [8 U.S.C. § 1227(a)(2)(B)(i)] -
  Convicted of controlled substance violation

APPLICATION: Termination of proceedings

In a decision dated March 7, 2000, an Immigration Judge found the respondent removable as charged as an alien convicted of an aggravated felony, determined he was ineligible for any form of relief from removal, and ordered his removal to the Dominican Republic. The respondent contended in the proceedings before the Immigration Judge and continues to maintain on appeal that the Immigration Judge and this Board lack jurisdiction over his case because he acquired derivative United States citizenship through the naturalization of his father.

Noting that the Immigration and Naturalization Service had denied the respondent's Application for Certificate of Citizenship (Form N-600), which was filed by the respondent and adjudicated by the Service during the pendency of the removal proceedings, the Immigration Judge proceeded to enter his removal order. The Immigration Judge observed at the hearing that the removal proceedings could be reopened should the respondent prevail on his appeal from the Service's denial of his Certificate of Citizenship application (Tr. at 6). The record will be remanded for further proceedings before the Immigration Judge.

While the respondent's Application for Certificate of Citizenship may have been properly adjudicated in administrative proceedings before the Service pursuant to the governing regulations, 8 C.F.R. § 341, the Immigration Judge likewise has jurisdiction to consider the respondent's claim

A41 421 023

to United States citizenship in these removal proceedings. A determination with respect to the respondent's citizenship is clearly relevant to these proceedings, in fact, potentially dispositive of the case, since a decision favorable to the respondent would divest the Immigration Judge and the Board of jurisdiction over the respondent and require termination of the proceedings. We believe the respondent is entitled to present his evidence on the citizenship issue in the proceedings before the Immigration Judge and to an independent ruling on that evidence by the Immigration Judge. The record will accordingly be remanded.

ORDER: The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.

_____
FOR THE BOARD

2