ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARLOS OCTAVIO VLADIMIR SIMO-THEN,<br>Petitioner | : : : | CIVIL NO 1:CV-00-1808 |
| v. | : : | (JUDGE KANE) |
| CHARLES ZEMSKI, ET AL.,<br>Respondents | : : : : | |

FILED
HARRISBURG
JAN 1 1 2001
MARY E. D'ANDREA, CL
PER _____
DEPUTY CLERK

## REBUTTAL TO GOVERNMENT'S ANSWER

On January 02, 2001, the Government filed its response to petitioner's habeas corpus petition, now comes Carlos Octavio Vladimir SIMO-THEN, petitioner, and submit this rebuttal. The court is familiar with the factual background of the case, thus, petitioner need not reiterate it, however, aver the following position reaffirming that the court sustain his petition and issue an appropriate writ.

### ARGUMENT

The government have asserted in their response that the habeas petition filed by petitioner actually challenges the denial of petitioner's application for certificate of citizenship, thus, the court should deny his habeas petition. That assertion is inaccurate because petitioner appealed the denial of his citizenship, see appended "exhibit 1", to the Administrative Appeals Unit, therefore, he is not challenging any citizenship issue

before this court. Rather, petitioner challenges his detention pursuant to the mandatory provision of 8 U.S.C § 1226(c) is unconstitutional, and violated his right to due process of law, and all other rights guaranteed him under the constitution, when he is a derivative citizen.

Moreover, it has been determined by the immigration judge pursuant to an order of release dated December 22, 2000 that "**Under Matter of Joseph II the court finds it is substantially unlikely that INS will meet its burden of proving alienage, and, with the opportunity given to it, has not produced evidence that might have shown alienage.**" (Bold print added for emphasis) Order of immigration judge dated December 22, 2000 appended as "Exhibit 2".

Numerous courts have concluded that § 1226(c) implicates fundamental liberty interests, and that detention without affording any opportunity to challenge the necessity of detention is unconstitutional. See e.g., Son Vo. v. Greene, 109 F.Supp.2d 1281 (D.Colo. 2000); Welch v. Reno, 101 F.Supp.2d 347 D.Md. 2000); Bouayad v. Holmes, 74 F.Supp.2d 471 (E.D. Pa. 1999); Rogowski v. Reno, 94 F.Supp.2d 177 (D.Conn. 1999); Danh v. Demore, 59 F.Supp.2d 994 (N.D. Cal. 1999); Van Eeton v. Beebe, 49 F.Supp.2d 1186 (D.Or. 1999); Martinez v. Greene, 28 F.Supp.2d 1275 (D.Colo. 1998); Chamblin v. INS, No. 98-97-JD, WL 803970 (D.N.H. June 08, 1999).

This reasoning is also supported by the decisions of the United States District Court, Middle District of Pennsylvania. See Koita v. Reno, 113 F.Supp.2d 737, 741 (M.D. Pa. 2000); Chukwuezi v. Reno, No CIV. A 3:CV-99-2020, 2000 WL 1372883 M.D. Pa. May 16, 2000)(C.J., Vanaskie).

These courts have found § 1226(c) unconstitutional have applied the compelling interest test of <u>United States v. Salerno</u>, 481 U.S. 739 (1987). See, e.g., Danh, 59 F.Supp.2d at 1000-01; <u>Van Eeton</u>, 49 F.Supp.2d at 1189-90; <u>Martinez</u>, 28 F.Supp 1281. Concluding that mandatory detention is "excessive" in relation to the purpose sought to be advanced by § 1226(c)---prevention of flight, protection of the community, and assure enforcement of the immigration laws---those courts have directed that the INS afford some process by which a criminal alien can secure release pending the outcome of removal proceedings.

In the case bar, the INS did not even prove alienage, thus, petitioner's detention is violative of his due process right. Moreover, it has been determined by the immigration judge that "it is substantially unlikely that INS will meet its burden of proving alienage . . . ." See "Exhibit 2".

Petitioner is pursuing a challenge to the facts of his alienage, and has been under the custody of the INS without any bail while he pursue his challenge to his removal, he is entitled to release. There is no evidence that petitioner poses a flight risk or danger to some person or the community, he is entitled to an opportunity to seek his release.

Because § 1226(c) denies him such an opportunity, it is unconstitutional. Accordingly, petitioner is entitled to be released in light of the admonition in <u>Ngo</u>, 192 F.3d at 398, and <u>Bouayad</u>, 74 F.Supp.2d at 477, that "grudging and perfunctory review is not enough to satisfy the due process right to liberty, even for

aliens."

Clearly in a case such as this one, involving mandatory detention implicates a liberty interest. Equally, clearly a statute that presumes that all criminal aliens will abscond or pose a threat to safety sweeps too broadly. On the contrary, compelled confinement may provide the motivation to forego pursuit of an arguably valid defense to deportation.

## CONCLUSION

WHEREFORE, for the reasons stated herein petitioner respectfully request this honorable court to issue an appropriate order commanding the Respondents to release him. And for any other relief that the court deems proper in the premise

Dated January 08, 2001

Respectfully submitted,

*Carlos O.Vladimir Simo Th*
Carlos O.V. Simo-Then
Snyder County Prison
600 Old Colony Road
Selinsgrove, PA 17870

# EXHIBIT 1

| U.S. Department of Justice | Notice of Appeal to the |
|---|---|
| Immigration and Naturalization Service | Administrative Appeals Unit (AAU) |

**Important:** See instructions on other side.

Fee Stamp

In the Matter of:
CARLOS OCTAVIO VLADIMIR SIMO THEN

File Number: A41-421-023

1. I am filing an appeal from the decision dated:

    January 11th, 2000

**Person Filing Appeal**

SIGNATURE _Carlos Simo Then_

Name CARLOS OCTAVIO VLADIMIR SIMO THE
#11330-069
Address P.O. BOX 1000
    *Number*        *Street*
WHITE DEER,    PA    17887
    *City*    *State*    *ZIP Code*

Date January 31, 2000

☐ I am an attorney or representative, and represent:

2. Please check the one block which applies:

    ☐ I am *not* submitting a separate brief or evidence.

    ☒ I *am* submitting a separate brief and/or evidence with this form.

    ☐ I am sending a brief and/or evidence *to the AAU* within 30 days.

    ☐ I need _____ days to submit a brief and/or evidence to the AAU. (*May be granted only for good cause shown. Explain in a separate letter.*)

_____
*Person and/or organization for whom you are appearing*

You must attach a Notice of Entry of Appearance (Form G-28) if you are an attorney or representative and did not submit such a form before.

3. Briefly, state the reason(s) for this appeal:

    Denial of application of certificate of citizenship

    (See attached Brief).

Form I-290B (Rev. 01/04/91) N

UNITED STATES DEPARTMENT OF JUSTICE
IMMIGRATION & NATURALIZATION SERVICE
ADMINISTRATIVE APPEALS UNIT
WASHINGTON D.C.

| | |
|---|---|
| In the Matter of<br><br>CARLOS OCTAVIO VLADIMIR SIMO THEN<br><br>Respondent | APPEAL OF DENIAL OF CERTIFICATE OF CITIZENSHIP<br>File Number: A41-421-023 |

BRIEF OF RESPONDENT

Comes now Carlos Octavio Vladimir Simo Then, Respondent in the above matter and appeal the decision of the Immigration and Naturalization Service (hereinafter "INS") District of Philadelphia entered on January 11, 2000 denying Respondent a certificate of naturalization.

Respondent contends that the decision denying him a certificate of citizenship is defective and based on erroneous interpretation of the applicable statutes dealing with derivative citizenship.

Reference is drawn from the "order" denying the application for certificate of citizenship, form N-600, therein, the INS echoed "inasmuch as you have failed to demonstrate that both your parents became citizens of the United States, and inasmuch as you have failed to demonstrate that your parents were legally married to each other before a legal separation or divorce resulted in legal custody over you being accorded to your U.S. citizen parent before your eighteenth birthday, you have failed to demonstrate that you derived citizenship of this country at the time of your father's naturalization". See attachment to form I-292.

-1-

Respondent asserts that that conclusion is defective and is based on erroneous interpretation of the applicable law, and for the reasons that follow, respondent is a derivative citizen of the United States acquired through the naturalization of his father.

## LEGAL PRINCIPLES

Section 321(a) of the Act states in relevant part:

> A child born outside of the United States of alien parents . . . becomes a citizen of the United States upon the fulfillment of the following conditions:
>
> (3) The naturalization of the parent having legal custody of the child when there has been a legal separation of the parents or the naturalization of the mother if the child was born out of wedlock and the paternity of the child has not been established by legitimation; and
>
> (4) Such naturalization takes place while such child is under the age of eighteen years; and
>
> (5) Such child is residing in the United States pursuant to lawfull admission for permanent residence at the time of the naturalization of the parent last naturalized . . ., or thereafter begins to reside permanently in the United States while under the age of eighteen years . . . .

As Section 321(a) of the Act makes clear, it is not a condition that an applicant present proof of legal separation of his parents to be eligible for derivative citizenship.

In the case at bar my father divorced my mother in 1985. <u>See appended copy of such divorce decree, marked "Exhibit 1"</u>, and remarried Ana M. Costoso Villaran, a citizen of the United States,

-2-

on the 11th day of January 1986, in Rio Piedras, Puerto Rico. <u>See attached copy of such certificate of marriage registration marked "Exhibit 2"</u>. It is clearly noted on the marriage registration certificate that he was a divorcee.

In 1988 his marriage to my step mother Ana M. Costoso Villaran, ended due to pre-mature death caused by heart attack. <u>See attached copy of death certificate marked "Exhibit 3"</u>. Thus my father became a widower in 1988.

On March 02, 1992 he became a naturalized citizen of the United States, and in such naturalization certificate his marital status is reported as "widowed". Indeed he is a widower.

My father took custody of me in 1988, at that time I was age 13 years old, and I have remained in his custody ever since then. I was admitted into the United States pursuant to lawful admission for permanent residence prior to my father's naturalization. At the time of his naturalization in 1992 I was age 16 and under his custody, thus, I derive citizenship from my father inasmuch as I was under his custody and under age 18 at the time of his naturalization.

Conversely, Section 309(a) of the Act, 8 U.S.C. § 1409(a), provides for naturalization of children born out of wedlock if:

> (1) a blood relationship between the person and the father is established by clear and convincing evidence, and . . .
> (4) while the person is under age 18 years---
>    (A) the person is legitimated under laws of the person's residence or domicile,
>    (B) the father acknowledges paternity of of the person in writing under oath, or
>    (C) the paternity of the person is established by adjudication of a competent court. . . .

-3-

Clearly, the decision of the District Director denying the application for certificate of citizenship is defective and is based on erroneous interpretation of the applicable laws. Statutory and case law support that I am a derivative citizen of the United States, and I am eligible for a certificate of citizenship, derived from the naturalization of my father.

See INA Sections 309(a), 321(a), 322(b), and 323, thereby allowing "blood" and adopted children to be naturalized equally, without the requirement of residence or physical presence in the United States.

See also <u>Rios v. Civiletti</u>, 571 F.Supp 218 (D.C. Puerto Rico 1983) (holding that the existence of a legal paternofilial relationship, i.e., custody, duty to support, right to use family name, etc, in the absence of fraud in claiming citizenship qualifies an applicant for derivative citizenship); <u>Compagnie General Trans-Atlantique v. United States</u>, 78 F.Supp. at 799; <u>Matter of Buenaventure</u>, I&N Dec. 2363; <u>Delgado v. INS</u>, 473 F.Supp 1343 (1979).

Illegitimate child of naturalized United States citizen qualified for naturalization as "child" where, although he was born out of wedlock and not legitimate by his parents later remarriage, he had been acknowledged as his father's natural son in his birth certificate. <u>Petition for Naturalization of FRAGA</u>, 429 F.Supp 549 (1974).

In this regard Sections 309(a) and 321(a) of the INA, the language of the statute is clear and unambiguous. Where the language of a statute is clear, as it is here, the unambiguously expressed intent of Congress must be given effect. <u>Chevron, U.S.A. Inc v. Natural Resources Defence Council</u>, 467 U.S. 837 (1984).

-4-

INA Sections 309(a) and 321(a) is unambiguous, for it does not require that an applicant claiming derivative citizenship to provide evidence demonstrating that his parents were legally married to each other before e legal separation or divorce resulted in legal custody over the applicant being accorded to the United States citizen parent before the Eighteenth birthday, as advocated by the INS.

It simply require proof of legal separation or divorce, and as here in the matter at bar, the record shows an <u>official divorce decree "Exhibit 1"</u>, pronounced on the 11th day of November, 1985, between my father and mother, thus, satisfy the requirement of legal separation for derivative citizenship. Subsequently, INA 309(a) allow naturalization of children born out of wedlock inasmuch as paternity is acknowledged.

Therefore, the denial of the application of certificate of citizenship by the District Director, District of Philadelphia, brought incident to such a conclusion as stated in the attachment form I-292, is based on an improper understanding of the law, or an abuse of discretion.

**WHEREFORE FOR THE REASONS STATED** herein Respondent request that this appeal be sustained and his certificate of citizenship be granted. And as duty bound the Respondent will ever pray.

Dated  January 31, 2000

Respectfully submitted,

*CARlos Simo-THen*
Carlos Octavio Vladimir Simo
Then.

-5-

EXHIBIT 2

**U.S. DEPARTMENT OF JUSTICE**
Executive Office for Immigration Review
Office of the Immigration Judge

*January 12 1:00 PM*

In the Matter of: Carlos OV Simo-Then

Case No.: A 41-471-023

Docket: York PA

RESPONDENT

IN DEPORTATION PROCEEDINGS

Bond

## ORDER OF THE IMMIGRATION JUDGE

Request having been made for a change in the custody status of the respondent pursuant to 8 C.F.R. 242, and having considered the representations of the Immigration and Naturalization Service and the respondent, it is **HEREBY ORDERED** that:

☐ The request for a change in the custody status of the respondent be denied.

☒ The request for a change in the custody status of the respondent be granted and that the respondent be:

(1) ☒ released from custody on respondent's own recognizance; or,
    ☐ released from custody upon posting a bond of $ _____ : and

(2) the conditions of the bond:
    ☐ remain unchanged; or,
    ☐ are changed as follows: _____

☒ Other: _Under Matter of Joseph II, the court finds it credible/likely, unlikely that INS will meet its burden of proving alienage, and with the opportunity given to it, has not produced evidence that might have shown alienage._ 1/22/00

Immigration Judge

Date: 12/22/00

Appeal: RESERVED/WAIVED ( A / I / B )

Form EOIR - 1
REV. - JUNE 93

# EXHIBIT 3

**U.S. Department of Justice**
Executive Office for Immigration Review
*Board of Immigration Appeals*

OMB # 1105-0065
Notice of Appeal to the Board of Immigr[ation]
Appeals of Decision of Immigration Judg[e]

1. List Name(s) and "A" Number(s) of all Applicant(s)/Respondent(s):

   SIMO-THEN, Carlos,

   A41 421 023

   **INS BOND APPEAL**

   ⚠ WARNING TO ALL APPLICANT(S)/RESPONDENT(S): Names and "A" Numbers of everyone appealing the order must be written in Item #1.

   For Official Use Only

2. Applicant/Respondent is currently  [X] DETAINED  [ ] NOT DETAINED.

3. Appeal from the Immigration Judge's decision dated December 21, 2000.

4. State in detail the reason(s) for this appeal. You are not limited to the space provided below; use more sheets of paper if necessary. Write your name(s) and "A" number(s) on every sheet.

   ⚠ **WARNING:** The failure to specify the factual or legal basis for the appeal may lead [to] summary dismissal without further notice, unless you give specific details in a time[ly] separate written brief or statement filed with the Board.

   **This is a bond appeal by the Immigration and Naturalization Service (the "Service").**

   The Service hereby appeals the bond decision of the Immigration Judge releasing the respondent [on] his own recognizance. The respondent was convicted of Conspiracy to Possess and Possession Wi[th] Intent to Deliver Cocaine and sentenced to 70 months incarceration. He was taken into Service custo[dy] after October 8, 1998 from incarceration for this deportable offense. He is subject to mandatory custo[dy] and the Immigration Judge had no authority to order his release. The Immigration Judge's legal[ly] erroneous finding that he was likely to terminate proceedings and that the Service was unlikely [to] succeed on an appeal of that possible termination, does not provide the Immigration Judge wi[th] jurisdiction over the respondent's custody. Even if the Immigration Judge had authority to order t[he] respondent's release, he erred in ordering him released on his own recognizance. The respondent [is] ineligible for relief and therefore a flight risk, and is a continuing danger to society.

   Additional issues and grounds for appeal may be raised in the Service's appeal brief.

   *******************************FEE EXEMPT********************************

   (Attach more sheets if necessary)

(Form continues on back)
Form EOIR - 26
Revised April 1996

## CERTIFICATE OF SERVICE

I, the undersigned certify that I caused to be served a copy of the foregoing petitioner's rebuttal to the government's answer on the following counsel:

>Mark E. Morrison, Esq
>Assistant U.S. Attorney
>228 Walnut Street
>P.O.BOX 11754
>Harrisburg, PA 17108

by depositing the same in the U.S. mail first class postage prepaid.

*Carlos O. Vladimir Simo-Th*
CARLOS O.V. SIMO-THEN