● **ORIGINAL** ●

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARLOS OCTAVIO<br>  VLADIMIR SIMO-THEN,<br>       Petitioner | : <br> : <br> : <br> : | CIVIL NO.  1:CV-00-1808 |
| v. | : <br> : | (JUDGE KANE) |
| CHARLES ZEMSKI, ET AL.,<br>       Respondents | : <br> : | |

RESPONSE TO
<u>SUPPLEMENTS TO HABEAS CORPUS PETITION</u>

FILED
HARRISBURG
APR 27 2001
MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

### Introduction

Petitioner Carlos Octavio Vladimir Simo Then (hereinafter referred to as "Then"), a Dominican Republic national, challenged his detention by the Immigration and Naturalization Service ("INS") through a habeas corpus petition under 28 U.S.C. §2241. Respondents, INS, *et al.,* filed a response to the petition.

Subsequently, Mr. Then filed two documents: a "Motion to Accept Order of Immigration Judge Terminating Proceeding and Motion to Expedite Judgement" and a "Motion to Admit Written Memorandum of Immigration Judge Adminiculum". These documents were filed on March 19, 2001 and March 20, 2001 respectively. On April 13, 2001, this Honorable Court Ordered that the above referenced documents be construed as supplements to the pending habeas corpus petition and granted respondents 15 days from April 13, 2001 to file a response to said supplements. This response follows:

## Statement of the Case

Respondents adopt in its entirety, as if fully set forth herein, the statement of the case contained in the Response to Order to Show Cause filed to petitioner's original habeas corpus petition, with the following additions:

When the response to the habeas corpus petition was filed, the issue of Mr. Then's derivative citizenship was before the Immigration Judge. Because the Immigration Judge has since issued a finding that "the INS is substantially unlikely to meet its burden of proving alienage by clear and convincing evidence[,]" and Ordered Mr. Then to be released on his own recognizance, Ex. "A" (IJ Van Wyke's Written Memorandum and Bond Decision, March 13, 2001), Mr. Then argues that he should be released. However, the Immigration Judge's decision has been appealed by INS, stayed and is thus not final.

Additionally, Mr. Then's appeal of the denial of his application for a certificate of citizenship was dismissed by the Associate Commissioner for Examinations. Ex. "B" (Opinion of INS Associate Commission for Examinations, dated March 7, 2001).

### Question Presented

**Do the "Supplemental Filings" Submitted By Petitioner Materially Alter Or Amplify His Original Habeas Petition And Motion For A Preliminary Injunction ?**

Suggested answer in the negative.

### Argument

As stated in respondents' reply to the original petition in this matter, Mr. Then is, by way of a habeas corpus claim, attempting to challenge the denial of his application for a certificate of citizenship. Respondents also averred that because a final determination has not been reached on petitioner's citizenship, the District Court could not review the question.

Thus, the question raised by petitioner's "supplements" to the habeas corpus petition is whether the Immigration Judge's Order terminating the deportation proceeding based on a finding that the INS is unlikely to sustain its burden of proving alienage is a final order enforceable by this Court. It is submitted that Mr. Then's citizenship status has yet to be finally adjudicated within the INS administrative process.

The Immigration Judge's Order has been appealed, Ex. "C" (Notice of Appeal to the Board of Immigration Appeals of Decision of Immigration Judge). Therefore, jurisdiction lies with the Board of Immigration Appeals to make a finding on the deportation/removal issue.

Petitioner's application for a certificate of citizenship was originally denied. Petitioner appealed, and said appeal was dismissed on March 7, 2001, Ex. "B". The first page of Ex. "B" informs petitioner that he has the right to request reconsideration of the denial of his application. The INS Acting District Director, Philadelphia Pennsylvania would have jurisdiction to review a request to reconsider certificate of citizenship application denial.

Petitioner would have this Court believe that the Immigration Judge's decision, currently on appeal, is dispositive and can be somehow "adopted" and relied on to support an order releasing him from detention. As of this point, respondents continue in their position that petitioner is an alien, convicted of an aggravated felony, subject to removal. That the Immigration Judge has ruled that removal proceedings are to be closed is simply an appealable administrative finding. The Immigration Judge himself acknowledges, in a footnote at the end of his opinion, that his decision has been properly stayed by respondents: "The INS exercised its unreviewable discretion to stay the court's decision by filing form EOIR-43 the same day, 8 CFR 3.19(i)(2). Ex. "A", p. 5.

4

## Conclusion

Since the supplemental documents submitted by petitioner do not alter the procedural posture of this matter, and since this matter is still being adjudicated administratively before the INS, respondents respectfully request that this Court deny petitioner's supplemental requests and deny the petition for writ of habeas corpus on grounds set forth in respondents original response to the habeas corpus petition.

Respectfully submitted,

DAVID M. BARASCH
United States Attorney

*[signature]*

MARK E. MORRISON
Assistant U.S. Attorney
228 Walnut Street
Harrisburg, PA 17108
(717) 221-4482

Dated: April 27, 2001

5

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CARLOS OCTAVIO
   VLADIMIR SIMO-THEN,
       Petitioner     :   CIVIL NO. 1:CV-00-1808

v.     :   (JUDGE KANE)

CHARLES ZEMSKI, ET AL.,
       Respondents

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 27th day of April 2001, she served a copy of the attached

### RESPONSE TO SUPPLEMENTS TO HABEAS CORPUS PETITION

by placing said copy in a postpaid envelope addressed to the person(s) hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

ADDRESSEE(S):
Carlos Octavio Vladimir Simo-Then
Inmate No. 00-00236
Snyder County Jail
600 Old Colony Rd.
Selinsgrove, PA 17870-8610

*Patricia A. Kolonoski*
PATRICIA A. KOLONOSKI
Legal Secretary