UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, PA

JUN 27 2001

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

CARLOS OCTAVIO VLAMDIMER :
SIMO-THEN :
 :
Petitioner :
 :
v. : CIVIL NO. 1:CV-00-1808
 :
CHARLES ZEMSKI, et al., : (Judge Kane)
 :
Respondents :

## ORDER

### Background

Petitioner, Carlos Octavio Vladimir Simo-Then, a detainee of the Immigration and Naturalization Service (INS) presently confined in the Pike County Prison, Hawley, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner was previously granted leave to proceed in forma pauperis. Petitioner challenges his continued detention by the INS. For the reasons outlined below, the petition will be dismissed.

Petitioner, a native of the Dominican Republic, was admitted to the United States, as an alien, on or about June 23, 1988. In 1995, he was convicted of conspiracy to possess with the intent to distribute approximately seven kilograms of cocaine, possession with intent to distribute approximately four kilograms of cocaine, aiding and abetting, and illegal use of a communicating facility. In a decision dated March 7, 2000, an

Certified from the record
Date 6-27-01
Mary E. D'Andrea, Clerk
Per _____
Deputy Clerk

Immigration Judge found the respondent removable as charged as an alien convicted of an aggravated felony, determined he was ineligible for any form of relief from removal, and ordered his removal to the Dominican Republic. (Doc. No. 9, Exhibit 1, copy of Order of Immigration Judge).

Petitioner then appealed the order of removal[1] to the Board of Immigration Appeals (BIA), and said Board remanded the matter to the Immigration Court for consideration of petitioner's claim to United States Citizenship. Id. at Exhibit 3, copy of BIA's remand order dated August 15, 2000. In so doing, the BIA noted that "a determination with respect to the respondent's citizenship is clearly relevant to these proceedings, in fact, potentially dispositive of the case, since a decision favorable to the respondent would divest the Immigration Judge and the Board of jurisdiction over the respondent and require termination of the proceedings". Id.

---

1. During the pendency of his removal proceedings, the petitioner applied for a certificate of citizenship, which was denied on January 11, 2000. Id. at Exhibit 2, copy of decision. Petitioner appealed this denial to the Associate Commission for Examinations. In a decision dated March 7, 2001, petitioner's certificate of citizenship was dismissed by the Associate Commissioner for Examinations. (Doc. No. 16, Exhibit B, copy of decision). Petitioner was informed of his right to request reconsideration of the denial of his application by filing such request with the INS Acting District Director. Id.

2

On March 13, 2001, the Immigration Court issued a finding that "the INS is substantially unlikely to meet its burden of proving alienage by clear and convincing evidence[,]", and ordered petitioner to be released on his own recognizance. (Doc. No. 16, Exhibit A, copy of Immigration Judge's Written Memorandum and Bond Decision, dated March 13, 2001). On the same day, the INS "exercised its unreviewable discretion to stay the court's decision by filing form EOIR-43". Id. Thus, the Immigration Judge's decision has been appealed by the INS, stayed, and thus is not final.

Petitioner files the instant petition for writ of habeas corpus in which he claims that he is a derivative citizen of the United States who is not subject to the jurisdiction of the Immigration Court, and that his continued detention violates his constitutional rights. He therefore seeks to be released.

The Court, however, notes that an appeal to the BIA is currently pending, indicating that administrative remedies have yet to be exhausted. Alleyne v. INS, 879 F.2d 1177 (3d Cir. 1989) (holding no judicial review where alien failed to seek administrative review available as of right); Ghalamshiah v. INS, 806 F.2d 68 (3d Cir. 1986)(holding that Alien cannot claim unlawful detention via habeas corpus without exhausting administrative procedures for seeking release).

3

Accordingly, the petition for writ of habeas corpus will be dismissed so that the exhaustion of administrative remedies before the Immigration Court may be completed.

AND NOW, THEREFORE, THIS 27th DAY OF JUNE, 2001, IT IS HEREBY ORDERED THAT:

1. The petition for writ of habeas corpus (Doc. No. 1) is dismissed.

2. Petitioner's "Motion to Forestall Prison Transfer", (Doc. No. 17) is denied.

3. The Clerk of Court is directed to close this case.

_____
YVETTE KANE
United States District Judge

YK:dlb

4

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

June 27, 2001

Re:  1:00-cv-01808    Simo-Then v. Zemski

True and correct copies of the attached were mailed by the clerk to the following:

Carlos Octavio Vladimir Simo-Then
CTY-PIKE
Pike County Jail
HC 8 Box 8601
Hawley, PA  18428

Mark E. Morrison, Esq.
Office of the United States Attorney
P.O. Box 11754
Harrisburg, PA  17108-1754

```
cc:
Judge                           (✓)           (✓) Pro Se Law Clerk
Magistrate Judge                ( )           ( ) INS
U.S. Marshal                    ( )           ( ) Jury Clerk
Probation                       ( )
U.S. Attorney                   ( )
Atty. for Deft.                 ( )
Defendant                       ( )
Warden                          ( )
Bureau of Prisons               ( )
Ct Reporter                     ( )
Ctroom Deputy                   ( )
Orig-Security                   (✓)
Federal Public Defender         ( )
Summons Issued                  ( ) with N/C attached to complt. and served by:
                                    U.S. Marshal ( )   Pltf's Attorney ( )
Standard Order 93-5             ( )
Order to Show Cause             ( ) with Petition attached & mailed certified mail
                                    to:  US Atty Gen   ( )    PA Atty Gen ( )
                                         DA of County  ( )    Respondents ( )

Bankruptcy Court                ( )
Other_____   ( )
```

MARY E. D'ANDREA, Clerk

6-27-01